IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-84064-TJM |
| | ) | |
| JENNIFER LYNN PATTON, | ) | CH. 13 |
| | ) | |
| Debtor(s) | ) | |

ORDER

      Hearing was held in Omaha, Nebraska, on October 14, 2008, regarding Filing No. 44, Supplemental Application for Compensation, filed by Howard T. Duncan, debtor's attorney, and Filing No. 47, Objection, filed by Jennifer Lynn Patton. Howard Duncan appeared on his own behalf and Jennifer Lynn Patton appeared.

      This Chapter 13 case was filed on September 30, 2005. The original plan was confirmed on January 3, 2006. Since that time, counsel for the debtor filed a motion to suspend plan payments on October 31, 2006, resulting from the debtor's unemployment and inability to make regular payments. Counsel filed a resistance to a motion for relief from stay filed by the debtor's mortgage holder, Cenlar, on November 15, 2006. The motion was settled by stipulation filed on November 22, 2006. On August 23, 2007, at Filing No. 29, the trustee filed a notice of payment default requesting dismissal. Counsel for the debtor, on September 7, 2007, filed a resistance to the NOD and a motion to suspend plan payments.

      On January 24, 2008, the trustee filed a second notice of payment default which counsel for the debtor resisted on February 13, 2008, at Filing No. 35. On February 28, 2008, counsel for the debtor filed amended schedules I and J and an amended plan. The Chapter 13 trustee filed an objection to the amended plan on March 18, 2008, at Filing No. 41, and such objection was resolved by a stipulated order entered April 18, 2008, at Filing No. 43.

      On August 29, 2008, at Filing No. 44, counsel for the debtor filed a supplemental application for compensation requesting fees in the amount of $1,806.25. The fee application was itemized from the first date that counsel had met with the debtor and included some time spent by the paralegal for counsel for the debtor in February of 2008, initiating preparation of the supplemental fee application.

      Prior to December 1, 2007, the rule in this district was that counsel for Chapter 13 debtors could either file an itemized statement of time expended on legal services up through confirmation, or could simply request a "no look" fee of $1,800.00 and $200 in expenses. The rule identified the services that were included in the "no look" fee, and generally included services up through confirmation and a review of claims thereafter. Frequently, as the case grew older, additional fees would be allowed for responding to motions for relief from the stay, filing amended plans, etc. On December 1, 2007, a new procedure went into effect whereby the court authorized a much higher "no look" fee which is intended to compensate the attorney for all services rendered in the case, other than extraordinary services.

      In this case, counsel for the debtor accepted the $1,800.00 "no look" fee as part of the confirmation process. Thereafter, he has spent considerable time on issues directly related to the

debtor's unemployment and inability to keep plan payments and mortgage payments current. He has now filed an itemized supplemental fee application specifying the services provided post-confirmation. The debtor has objected to the fee application and suggests that she was never told there was a possibility of additional fees for additional services, was never told that counsel's hourly fee could and did increase, and believes that the only reason the fee application was filed in August 2008 is because she wanted to obtain court permission to pay off the plan early and if the plan was completed, counsel would not be able to collect additional fees.

      Although it appears there may have a breakdown of communication between the debtor and counsel for the debtor regarding her financial obligations, the itemized statement does show that he provided significant post-confirmation services which benefitted the debtor and kept the case going. The fees he has requested are reasonable. The objection of the debtor is therefore denied, and the supplemental fee application is approved.

      IT IS ORDERED that the Supplemental Application for Compensation, Filing No. 44, is approved and the Objection, Filing No. 47, is denied.

      DATED:     October 17, 2008

                                              BY THE COURT:

                                              /s/ Timothy J. Mahoney
                                              Bankruptcy Judge

Notice given by the Court to:
    *Howard Duncan
    Jennifer Lynn Patton
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.